DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRISTOFFER LEE (CABN 280360)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7241
    FAX: (415) 436-7234
    christoffer.lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 5:20-MJ-71153-MAG |
| Plaintiff, | ) |
| v. | ) STIPULATION AND REQUEST TO CONTINUE<br>) STATUS CONFERENCE/PRELIMINARY<br>) HEARING, AND EXCLUDE TIME UNDER THE |
| HOANG DUC BUI, | ) SPEEDY TRIAL ACT FROM SEPTEMBER 17,<br>) 2020 TO SEPTEMBER 22, 2020 AND<br>) [PROPOSED] ORDER |
| Defendant. | ) |

       The United States charged Defendant Hoang Duc Bui with 18 U.S.C. § 1708 (Theft of Mail) via criminal complaint. Defendant has been arraigned on the criminal complaint and detained following a hearing. The parties are currently scheduled for a status on preliminary hearing for September 17, 2020 before the Court. Counsel for the United States and counsel for Mr. Bui now jointly stipulate and request to continue the September 17, 2020 status conference on preliminary hearing in the instant matter until September 22, 2020 at 10:30, or to a subsequent date deemed appropriate by the Court. The requested continuance is necessary to afford defense counsel time to review the discovery in the case.

       The parties further stipulate and request that, under the Speedy Trial Act, the Court exclude the

STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE/PRELIMINARY
HEARING, AND TO EXCLUDE TIME AND [PROPOSED] ORDER
Case No. 5:20-mj-71153-MAG                                                                    v. 7/10/2018

1  time from September 17, 2020 to the new date of the next status conference to allow for effective

2  preparation of counsel.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The parties further stipulate and agree that

3  the ends of justice served by excluding time from September 17, 2020 to the date of the next status

4  conference from computation under the Speedy Trial Act outweigh the best interests of the public and

5  the defendant in a speedy trial.  18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).  Given the need to review the

6  discovery in the case, counsel for Mr. Bui represents that good cause also exists for extending the time

7  limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1(d) and hereby consents on

8  behalf of Mr. Bui to the requested continuance, to the extensions of time for the preliminary hearing and

9  for the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set

10 forth above).  See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).  Counsel for the United States likewise

11 consents to the extensions and joins in the requests.

12    The undersigned Assistant United States Attorney certifies that he has obtained approval from

13 counsel for the defendant to file this stipulation and proposed order.

15 **IT IS SO STIPULATED.**                     DAVID L. ANDERSON
                                                United States Attorney

17 Dated:  9/16/2020                            __/s/_____
                                                **CHRISTOFFER LEE**
18                                              Assistant United States Attorney

20                                              __/s/_____
                                                **DEJAN GANTAR**
21                                              Counsel for Defendant Hoang Duc Bui

STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE/PRELIMINARY
HEARING, AND TO EXCLUDE TIME AND [PROPOSED] ORDER
Case No. 5:20-mj-71153-MAG                                                      v. 7/10/2018

**[PROPOSED] ORDER**

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from September 17, 2020 until September 22, 2020 would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time from September 17, 2020 until September 22, 2020 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.

Therefore, with the consent of the defendant, and taking into account the public interest in the prompt disposition of criminal cases, based on the parties' showing of good cause, the Court finds good cause exists for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above). See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

With the consent of the parties, IT IS HEREBY ORDERED that the time from September 17, 2020 until September 22, 2020 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(iv) and the time limits for conducting a preliminary hearing are extended under Rule 5.1(d) of the Federal Rules of Criminal Procedure. The date for status and preliminary hearing in the case is reset to September 22, 2020, at 10:30 a.m.

**IT IS SO ORDERED.**

DATED: September 16, 2020

_____
HON. VIRGINIA K. DEMARCHI
UNITED STATES MAGISTRATE JUDGE